**In re Oliver L. NORTH (GADD FEE APPLICATION).**

**No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended)

Jan. 7, 1994.

---

254

Before: SENTELLE, Presiding, BUTZNER and SNEED, Senior Circuit Judges.

### ORDER

PER CURIAM.

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of Richard B. Gadd for reimbursement of attorneys' fees pursuant to § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988), and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith, that the motion is well taken, in part, it is hereby

ORDERED, ADJUDGED and DE-CREED that the United States reimburse Richard B. Gadd for attorneys' fees he incurred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $58,410.74. It is further

ORDERED, ADJUDGED and DE-CREED that the fee petitions of American National Management Corporation, Eagle Aviation Services and Technology, and Airmach are denied, this seventh day of January, 1994.

Opinion for the Special Division filed PER CURIAM.

PER CURIAM:

Richard B. Gadd, who was a participant in the Contra supply network investigated as part of the independent counsel function in this matter, seeks reimbursement under section 593(f) of the Ethics in Government Act of 1978 as amended, 28 U.S.C. § 591 *et seq.* (1988) ("the Act"), for attorneys' fees expended by him allegedly in defense against that investigation. Jointly with Gadd, American National Management Corporation, Eagle Aviation Services and Technology, and Air-

mach, described in the application as "Mr. Gadd's companies," petition the Court for fees expended by them on behalf of themselves and two company employees, Cindy Dondlinger and John Cupp. As we find Gadd's application to have some merit, we allow it in part by order filed simultaneously herewith. By the same order, we deny the application of the companies.

### A. The Companies

Because the application of the companies is the more easily determined, we will begin with it. We cannot allow that application. Although there may be multiple reasons, one will suffice. The governing statute provides for award "upon the request of an *individual* who is the subject of an investigation conducted by an independent counsel," and only for reimbursement of "reasonable attorney fees incurred by that individual." 28 U.S.C. § 593(f). As we have previously admonished, this provision of the Ethics in Government Act is a limited waiver of the sovereign immunity of the United States and as such must be narrowly construed and must not be extended beyond the scope reasonably intended by Congress. *In re Nofziger (Mark A. Bragg),* 956 F.2d 287, 289 (D.C.Cir.1992); *In re Nofziger,* 938 F.2d 1397, 1403 (D.C.Cir.1991); *In re Meese,* 907 F.2d 1192, 1196 (D.C.Cir.1990).

While we have not yet addressed the meaning of the term "individual" in the context of the Ethics in Government Act's fee provision, Congress is normally presumed to afford an undefined term its ordinary meeting. *Immigration and Naturalization Serv. v. Elias–Zacarias,* —— U.S. ——, ——, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). In common usage, "individual" describes a natural person. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1152 (1981) (defining "individual" as "a single human being as contrasted with a social group or institution"). According to *Black's Law Dictionary,* the legal definition of the term "individual," while not excluding corporations in all cases, "very commonly" connotes a natural person as opposed to a corporate entity. BLACK'S LAW DICTIONARY 773 (6th ed. 1990) ("very commonly a private or natural person

as distinguished from a partnership, corporation, or association").

Had Congress intended to allow corporations to seek and obtain fee awards, it could have employed language authorizing application by a "subject" rather than "an individual who is the subject." 28 U.S.C. § 593(f). Indeed, to construe the statute to allow recovery by a corporation would deprive words used by Congress of all content. "[C]ourts should disfavor interpretations of statutes that render language superfluous." *Connecticut Nat'l Bank v. Germain*, — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). The prior version of the fee provision in the Act specifically provided that any "subject" of an investigation could apply for fees. Pub.L. No. 97–409, § 5, 96 Stat. 2041 (1983) (formerly codified at 28 U.S.C. § 593(g)). While not at all dispositive, this history tends to shore-up the already evident conclusion that Congress did not waive the government's sovereign immunity as to fee liability toward corporations as opposed to individuals. Not only a narrow construction, but any reasonable construction of the words of Congress precludes such award.

■ Although Donlinger and Cupp have not made applications personally, the fee application before us would not support an award to them even if we construed it to encompass a request on their behalf. The statute again awards reimbursement only for "reasonable attorneys' fees incurred by that individual." 28 U.S.C. § 593(f)(1). We have interpreted the phrase "incurred by that individual" to mean that an individual seeking fees must have actually paid the fees or be legally liable for them. *In re Olson*, 884 F.2d 1415, 1422 (D.C.Cir.1989); *In re Donovan*, 877 F.2d 982, 991 (D.C.Cir.1989). The fee application before the Court does not disclose that Cupp and Donlinger have incurred any fee liability. Therefore, under any construction of the statute, we award no attorneys' fees for the alleged defense of the corporation or the employees, Donlinger and Cupp.

### B. The Gadd Application

The application of Richard B. Gadd individually requires more extensive treatment and, as we have already indicated, is not without merit. Though we do not award the full amount prayed, our analysis reveals that Gadd is entitled to some attorneys' fees under the statute.

The relevant statute reads in pertinent part:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1).

■ Thus, to meet the statutory standard for a fee award, Gadd must demonstrate that the fees for which he seeks reimbursement were incurred during the investigation; while he was a subject of the investigation, and would not have been incurred but for the requirements of the Act. In addition, he must show that the fees are reasonable. *See also In re North (Dutton Fee Application)*, 11 F.3d 1075, (D.C.Cir.1993), and cases collected therein. We consider these requirements in turn.

#### 1. Subject

■ In *Dutton*, we considered at some length the meaning of the requirement that an individual receiving a fee award must be "the subject of an investigation conducted by an independent counsel." 28 U.S.C. § 593(f)(1); *Dutton*, 11 F.3d at 1077–79. We further discussed this subject in *In re North (Shultz Fee Application)*, 8 F.3d 847 (D.C.Cir.1993). Without rehashing the reasoning of those cases, we established in them that for purposes of the fee reimbursement provision, a "subject" is an individual who "at the time of incurring the fees involved in the application, knew that his conduct was within th[e] scope [of an investigation] in such a fashion that 'the independent counsel might reasonably be expected to point the finger of

accusation' at ·him." *Shultz*, 8 F.3d at 850 (quoting *Dutton*, 11 F.3d at 1078). Gadd meets that requirement for a portion of the period during which his fees were incurred.

Gadd was most similarly situated to the movant in *Dutton*, whom we previously determined met the statutory requirement. Each was a principal lieutenant of retired Air Force General Richard V. Secord "in the very enterprise which generated for Secord the status of defendant in an Independent Counsel case." *Dutton*, 11 F.3d at 1079. In *Dutton*, we ruled that the movant there was a subject where "frequent indictment references to Secord acting in concert with others cover[ed] the activities and period of Dutton's employment," although he was never named in any indictment. *Id.* Gadd's claim for the status of "subject" is stronger than that of the *Dutton* applicant. He was mentioned as a principal actor in an overt act listed in the conspiracy indictments of John M. Poindexter, Oliver L. North and Richard V. Secord, brought by the grand jury in an independent counsel case. While obviously being named in an overt act does not automatically confer on one the status of subject, in this case we are satisfied that Gadd has met the statutory requirement.

Unfortunately for the complete success of Gadd's application, his status as "subject" did not continue throughout the period during which he incurred attorneys' fees. On or about July 29, 1987, Gadd's counsel was able to secure for him a grant of immunity. Although Gadd claims he remained at risk of criminal prosecution subsequent to receiving immunity, we do not find that he was under such reasonable apprehension of prosecution that he qualified as a "subject" under the fee award statute thereafter. As we noted in *Dutton*, an individual obtaining immunity does not automatically lose the status of "subject." *Dutton*, 11 F.3d at 1078. However, the grant of immunity "does change the reasonable perception" as to whether the purported "subject" is still acting in defense against the independent counsel's investigation for attorney's fees incurred from then on. *Id.* We will therefore disallow all fees sought for services rendered after the grant of immunity.

### 2. The "But For" Requirement

■ Again, Gadd's position is directly parallel to that of the Dutton applicant. In *Dutton*, we reaffirmed that the purpose of the "but for" requirement in the Act is to ensure that subjects " 'who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by' federal executive components such as the United States Attorney." *Dutton*, 11 F.3d at 1080 (quoting *In re Sealed Case*, 890 F.2d 451, 452–53 (D.C.Cir.1989)). Like the *Dutton* applicant, Gadd meets the requirement as his attorneys' fees were incurred because he was a "subject" principally as a result of "the decision of the Independent Counsel to treat as a criminal conspiracy efforts to circumvent the Boland Amendments" which were riders to certain defense appropriations acts. *Id.* at 1080. We determined in *Dutton* "that executive branch authorities never treated circumvention of the Boland Amendments as having criminal consequences." *Id.* We concluded then and now that fees incurred in defense against such an investigation meet the "but for" requirement.

■ The only apparent exceptions to this conclusion are that some fees were incurred before the appointment of· the Independent Counsel and others may have involved representation of Gadd in connection with congressional investigations rather than the Independent Counsel investigation. As to the first of these exceptions, those fees must be disallowed, not only because of the "but for" requirement but also because the statutory grant of attorneys' fees limits the award to those incurred "during [the] investigation." 28 U.S.C. § 593(f)(1). *See also· Dutton*, 11 F.3d at 1079. In·this case, as in other recent fee application cases, we referred the matter for comment to the Department of Justice. In their response, for which we are grateful, they noted this problem. Upon receipt of the Department of Justice's response, Gadd made a further filing candidly conceding that

$12,000 should be deducted as pre-independent counsel fees. We will make this adjustment in our final fee award computation. As to the second problem, we will make an appropriate adjustment in our final computation, *infra*.

### 3. Reasonableness

■ For several reasons, we conclude that there must be some adjustments to the fees prayed on reasonableness grounds. The hourly rates charged by Gadd's attorneys, $175 for Kenneth Lazarus and $80 for his associate Daniel Q. Greif, appear to be reasonable and are supported by independent affidavits. *Olson*, 884 F.2d at 1423 n. 14. There are however other items which occasion adjustment.

■ First, the supporting documentation is inadequately detailed. In other cases in which we were not provided appropriate contemporaneous time records, we have imposed a ten percent reduction on the final fee award. *Meese*, 907 F.2d at 1204–05; *In re Sealed Case*, 890 F.2d at 455–56. In this case, however, the ten percent reduction is not adequate to correct for the lack of clear documentation. A review of the documentation that is available shows that Gadd's attorneys repeatedly included within their billings time spent dealing with congressional personnel, apparently with reference to the ongoing congressional investigations, not the Independent Counsel's. While some of this time may not have been spent "but for" the Independent Counsel's investigation, we certainly cannot ascertain if this is true of all of it. Similarly, Gadd's counsel repeatedly billed for time spent with the attorneys representing the corporate employees, Donlinger and Cupp. This also is not compensable time. Given the inherent necessity of a ten percent reduction for inadequately justified fees and the dual additional possibility of unjustifiable time, we have determined that a reduction to fees established as reasonable in this case will require a thirty percent adjustment after all other required deductions have been made. *See Donovan*, 877 F.2d at 997 (ordering one-third reduction in one attorney's billing).

■ Additionally, the billing statements offered by Gadd's attorneys in support of the petition include other items that are not reimbursable. For example, the statements include time spent dealing with news media. Because of the lack of sufficient detail in the documentation, we cannot tell how much, but Attorney Lazarus has offered his credible affidavit that the media-related fees did not exceed $2,500 and this amount we shall deduct from the final award.

■ Similarly, Gadd's fee application sought reimbursement for attorneys' fees incurred in preparing the fee application. We have held that "fees for fees" are not reimbursable under 28 U.S.C. § 593(f)(1). *Meese*, 907 F.2d at 1203; *In re Olson (Robert M. Perry)*, 892 F.2d 1073, 1074 (D.C.Cir.1990); *Olson*, 884 F.2d at 1427 & n. 19. Gadd's final computation sheet, which concedes certain deductions, lists "post-immunity and fees for fees" as $15,000, then lists "additional fees for fees at $5,000." Because the post-immunity fees that we are disallowing by themselves greatly exceed the $15,000 first attributed as post-immunity and fees for fees, and because we cannot ascertain precisely what additional fees for fees Gadd's counsel refers to, we cannot be precisely guided by his admissions. However, it appears that he has failed to justify approximately $5,000 worth of the fees on this basis in addition to the $5,000 he concedes. Therefore, we will make a deduction of $10,000 for time spent on fees for fees. We recognize that this amount is possibly larger than the amount actually attributable to that item, but, Gadd has the burden of demonstrating the reasonableness of the fees he seeks. *See Dutton*, 11 F.3d at 1081. In this case, Gadd has actually had an extra chance to demonstrate this reasonableness. Gadd first filed for fees on January 29, 1988, and we rejected that application as premature. *In re North (Gadd Fee Application)*, 842 F.2d 340 (D.C.Cir.1988). As he has not yet adequately shouldered this burden, we do not deem it overly harsh that the resulting possibility of error falls on his side.

■ Finally, there are certain items of expense that may be billable by a law firm to its clients, but that are not reasonable within

the meaning of the statute. For example, billings for refreshments at conferences and general "business meals" are not reimbursable under the Act. *Dutton*, 11 F.3d at 1081; *Meese*, 907 F.2d at 1204. Neither are expenses merely described as "miscellaneous." *Dutton*, 11 F.3d at 1081. Again, Gadd's counsel concedes the presence of $1,500 in disallowable, inadequately justified expenses, which we will deduct in the final computation.

### 4. Final Computation

Gadd's submission rests on a "computation sheet" claiming total legal fees and expenses of $124,297.42. From this, he deducts post-immunity and fees for fees of $15,000, media-related fees of $2,500, pre-independent counsel fees of $12,000, additional fees for fees of $5,000, and miscellaneous fees of $1,500, for a total deduction of $36,000. This would leave $88,297.42. Applying the ten percent penalty further reduces that amount by $8,830 to a total of $79,467.42. We do not entirely agree with this computation. The base figure of $124,297.42 is too high. Review of the billing submitted in support of the application reveals attorneys' fees of $106,660 and expenses of $2,783.91 for the period of November 1986 through July 1987, which concludes with the immunity ending Gadd's eligibility for reimbursement. Thus, the proper base figure is $109,443.91. From this, we deduct $10,000 as fees for fees billing, leaving $99,443.91. A further deduction of $12,000 for fees incurred before commencement of the independent counsel investigation yields $87,443.91.

Deduction of media-related fees ($2,500) yields $84,943.91. Subtracting the $1,500 in disallowable, inadequately justified expenses gives a total of $83,443.91 against which we will apply the thirty percent reduction. We do not deduct the $15,000 described by Gadd's counsel as "post-immunity and fees for fees" as the reduction for fees for fees accounts for a portion of that, and the use of the original base figure of $106,660 as opposed to the proffered $124,297.42 has eliminated all post-immunity billing, including the balance of the fees for fees.

Thus, in short, Gadd is entitled to reimbursement for seventy percent of $83,443.91, or $58,410.74. By judgment of even date herewith, we award that amount to Richard B. Gadd.