**In re Oliver L. NORTH (Langton and Mason Fee Application).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Sept. 13, 1994.

Before SENTELLE, Presiding, and BUTZNER and SNEED, Senior Circuit Judges.

ORDER

PER CURIAM.

This matter coming on to be heard and being heard before the Special Division of the Court, upon the application of William G. Langton and Robert A. Mason for reimbursement of attorneys' fees under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599, and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith, that the motion is not well taken, it is hereby

ORDERED, ADJUDGED and DECREED that the petition of William G. Langton and Robert A. Mason for attorneys' fees they allegedly incurred during the investigation by Independent Counsel Lawrence E. Walsh be denied in its entirety.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

Pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (the Act), William G. Langton and Robert A. Mason, officers of Southern Air Transport, Inc., request reimbursement for $74,431.71 in attorneys' fees they allegedly incurred as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh. We hold *infra* that Langton and Mason did not in fact incur the fees in question because they received reimbursement from their employer. We therefore deny their petition.

## I.

Langton serves as the president and chief operating officer of Southern Air Transport, Inc. (Southern Air). Mason is Southern Air's senior vice president of finance and chief financial officer. Under circumstances we need not detail here, Southern Air became implicated as a supplier of the Nicaraguan "contra" rebels and thus fell within the swath of the Walsh investigation. The Independent Counsel conducted numerous interviews of Langton, Mason, and other Southern Air employees. Southern Air also furnished a legion of documents to the Independent Counsel's office. During the course of the Iran/Contra investigation, Southern Air paid legal fees and expenses totalling $74,431.71 on Langton and Mason's behalf. Langton and Mason now petition this court for reimbursement under the Act.

## II.

The Act provides that, "[u]pon the request of an individual who is the subject of an [independent counsel] investigation," this court may reimburse certain attorneys' fees "incurred by that individual during that investigation." 28 U.S.C. § 593(f)(1). This court has already held that a corporation is not an "individual" and is thus not entitled to request reimbursement under the Act. *In re North (Gadd Fee Application),* 12 F.3d 252, 254–55 (D.C.Cir.1994) (per curiam). We have also held that fees are not "incurred" by an individual unless that person "actually paid the fees or [is] legally liable for them." *Id.* at 255.

Langton and Mason's fee application is thus doubly defective. Langton and Mason did not actually pay the fees in question, nor are they legally liable for those fees, because Southern Air paid them. *See id.* at 254–55 (employees did not "incur" fees expended by employer on their behalf). As a result, the fees were really incurred by the corporation, which cannot apply for reimbursement under the Act. *See id.*

Langton and Mason seek reimbursement for fees they have already recouped from their corporate employer. We therefore deny Langton and Mason's application.

*Judgment accordingly.*