In re Oliver L. NORTH, et al. (Fee Applications of Vincent Shields and Jerry Gruner).

Division No. 86–6.

United States Court of Appeals, District of Columbia Circuit.

May 9, 1995.

Before: SENTELLE, Presiding, BUTZNER and FAY, Senior Circuit Judges.

## ORDER

Opinion for the Special Court filed *PER CURIAM.*

*PER CURIAM:*

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of Vincent Shields and Jerry Gruner for reimbursement of attorneys' fees pursuant to section 593(f) of the Ethics in Government Act of 1978, as Amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993), and it appearing to the Court

for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the motion is well taken, it is hereby

ORDERED, ADJUDGED AND DE-CREED that the United States reimburse Vincent Shields for attorneys' fees in the amount of $63,481.98 and reimburse Jerry Gruner for attorneys' fees in the amount of $13,100 that they incurred during the investigation by Independent Counsel Lawrence E. Walsh, this 9th day of May, 1995.

*PER CURIAM:*

Vincent Shields and Jerry Gruner petition this court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993) ("the Act") for attorneys' fees they incurred during and as a result of the investigation conducted by Independent Counsel Lawrence E. Walsh. Shields seeks reimbursement in the amount of $79,786.98, and Gruner seeks reimbursement in the amount of $18,360. Under the Act, Shields and Gruner are entitled to attorneys' fees if they satisfy section 593(f)(1), which allows reimbursement to "an individual who is the subject of an investigation conducted by an independent counsel pursuant to [the Act] ... if no indictment is brought against such individual pursuant to that investigation" for "reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of [the Act]." After considering Shields' and Gruner's petition, supporting authority, exhibits, and affidavits, and the Department of Justice's evaluation, we find that Shields and Gruner are in large part correct and therefore allow the greater portion of the fees prayed.

## I. BACKGROUND

Consideration of this petition does not require repetition of the details of the Walsh investigation, the facts of which are generally collected in cases cited in *In re North (Shultz Fee Application)*, 8 F.3d 847, 849 (D.C.Cir. 1993) (per curiam). The few additional facts that are necessary to the resolution of this fee petition are that Shields, who was a key Central American Bureau Chief of the Cen-

tral Intelligence Agency, was deemed a subject by the Independent Counsel from the beginning of his representation in March of 1988 by attorney William G. Hundley of Akin, Gump, Strauss, Hauer & Feld. Shields' status did not change during the balance of the Walsh investigation, and he was never indicted. Hundley, who filed the petition for fees on Shields' behalf, represented Shields throughout the investigation and has filed with the petition detailed affidavits supporting all the work done and billed, as well as all expenses included in the petition. Gruner, who was in charge of Central American operations for the Central Intelligence Agency, was initially deemed a witness but his status changed to that of subject at the time he appeared before a grand jury on August 13, 1991. While Hundley began his representation of Gruner in March of 1988, Gruner is, quite correctly, not claiming any fees for legal representation prior to August 13, 1991.

Pursuant to the Act, this court, as directed by 28 U.S.C. § 593(f)(2), forwarded a copy of the petition to the Attorney General for the purpose of allowing her to file a written evaluation of the request for fees. She has submitted an evaluation for which the Court expresses its appreciation and which it has given due consideration in arriving at the decision announced herein.

## II. ANALYSIS

As we noted above, the Act permits the reimbursement of fees only to "an individual who is the subject of an investigation conducted by an independent counsel...." 28 U.S.C. § 593(f)(1). According to our previous analysis of the statute, a successful petitioner must demonstrate that:

(1) he is a "subject" of such investigation;

(2) the fees were incurred "during" the investigation;

(3) to be reimbursable, the fees must be such as "would not have been incurred but for the requirements of [the Act];" and

(4) the fees are "reasonable."

*See, e.g., In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C.Cir.1993) (per curiam).

## A. The Four Elements

█ Although the Act does not define "subject," the court has defined the term for purposes of the fee reimbursement provision as a person whose conduct is within the scope of the independent counsel's investigation and, more specifically, who knew at the time of incurring the fees sought in the petition that "his conduct was within that scope in such a fashion that 'the independent counsel might reasonably be expected to point the finger of accusation' at him." *Shultz*, 8 F.3d at 850 (quoting *Dutton*, 11 F.3d at 1078). Shields states that it was clear from the initial contacts with the office of the independent counsel in March 1988 that he was a subject. As noted above, Gruner states that initially he was not a subject but that his status changed to subject at the time of his grand jury appearance on August 13, 1991. In its evaluation of the fee petition, the Department of Justice states that in light of the limited information disclosed in the petition and available in the public, non-classified portion of Independent Counsel Walsh's Final Report, it could not address the merits of this issue. However, the court has reviewed those materials not available to the Department of Justice and we conclude that Shields and Gruner satisfy the requirements to be considered subjects.

There is no question that Shields and Gruner satisfy the "during" element. Turning to the "but for" element, in *Shultz*, 8 F.3d at 851, we observed that the petitioner in *Dutton* had met this requirement by showing that he was a subject of a criminal investigation of an alleged conspiracy to circumvent the Boland Amendments and that an appointed Attorney General would not normally have treated the actions comprising the conspiracy as having criminal consequences. *See also Dutton*, 11 F.3d at 1080. We further concluded that because it was the appointment of the independent counsel that caused the unusual treatment of the relevant conduct, that Shultz, like Dutton, was eligible for the fee award. After full review of the Independent Counsel's Final Report, the petition, and the applicable law, this court has found no distinction between the situation of Shields and Gruner and that of former Secretary of State George Shultz in this respect. Accordingly, we concluded that petitioners have met the "but for" requirement.

As for the fourth element, we have established a body of precedent for determining the reasonableness of attorneys' fees in which we have generally considered the prevailing community standards and any helpful case law. *Shultz*, 8 F.3d at 852 (quoting H.R.CONF.REP. No. 452, 100th Cong., 1st Sess. 31 (1977)). In *Shultz*, we approved an hourly rate of $370 for the lead attorney and $310 for that attorney's partner based on "convincing affidavits from distinguished members of the District of Columbia bar supporting the proposition that for attorneys of the experience and reputation of [Shultz's counsel], the rates billed are well within the range charged by lawyers in the District of Columbia." *Id.* *See also In re Meese*, 907 F.2d 1192, 1202 (D.C.Cir.1990) (per curiam) (approving a rate of $300 per hour for representation of a sitting Attorney General); *In re Donovan*, 877 F.2d 982, 993 (D.C.Cir.1989) (per curiam) (approving $350 per hour for representation of a former Secretary of Labor).

█ Shields and Gruner seek reimbursement for Hundley at $300 per hour and have furnished the court with supporting affidavit evidence as to the reasonableness of the claimed rate. The Attorney General questions the reasonableness of the $300 per hour fee charged by Hundley in light of certain legislative history accompanying the new version of the Ethics in Government Act, which criticized granting attorneys' fees under the Act based on what the market will bear in the private sector. *See* H.R.CONF.REP. NO. 103–511, 103d Cong., 2d Sess. 14 (1994). We recently addressed this argument in *In re North (Armitage Fee Application)*, 50 F.3d 42, 44–46 (D.C.Cir.1995), and determined that the legislative history cited by the Attorney · General does nothing to change this court's approach in analyzing the reasonableness of hourly rates under 28 U.S.C. § 593(f) because Congress reenacted precisely the same statute that this court interpreted in *Shultz* and those cases upon which it relied. Because by enacting the existing language Congress was reenacting the "settled judicial

interpretation," *Pierce v. Underwood*, 487 U.S. 552, 567, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988) (quoting *Lorillard v. Pons*, 434 U.S. 575, 580–81, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978)), this court concluded that the legislative history of the reenactment of section 593(f) cannot change the existing law. *Armitage*, 50 F.3d at 46. Likewise in this case, the legislative history does not affect the court's precedent in determining the reasonableness of attorneys' fees. Because Shields and Gruner have submitted sufficient evidence of the reasonableness of Hundley's $300 per hour rate, we hold that this rate is reasonable and we will use it to calculate the proper reimbursement for petitioners.

### B. Reasonableness of Specific Fees

█ The Act allows reimbursement only for attorneys' fees incurred during the independent counsel investigation that were "reasonably related to a defense to such investigation." *Donovan*, 877 F.2d at 993. *See also In re Olson*, 884 F.2d 1415, 1427 (D.C.Cir.1989) (per curiam) (holding that the Act provides recovery only for those fees "rendered in asserting the *merits* of the subject's defense against the criminal charges being investigated"). Accordingly, various expense items must be disallowed since they were not directly related to the petitioners' defense of Independent Counsel Walsh's investigation.

█ First, we disallow the $4,200 in fees incurred by Shields and the $825 incurred by Gruner in connection with their roles as witnesses in other prosecutions since witnesses are not entitled to recover attorneys' fees under the Act and since the fees associated with their testimony do not appear to have been "rendered in asserting the *merits* of [their] defense against the criminal charges being investigated." *Olson*, 884 F.2d at 1427. For the same reason, we must disallow the $750 in fees for Shields and the $3,300 in fees for Gruner arising from the conferences with and testimony before the Senate Intelligence Committee. *See In re North (Gadd Fee Application)*, 12 F.3d 252, 256–57 (D.C.Cir. 1994) (per curiam) (holding that fees incurred in representing petitioner "in connection with

congressional investigations rather than the Independent Counsel investigation" were not reimbursable under the Act). *See also In re North (Gardner Fee Application)*, 30 F.3d 143, 147 (D.C.Cir.1994) (per curiam). Similarly, we cannot say that the $5,340 incurred by Shields and the $1,125 incurred by Gruner for fees connected to the monitoring of the on-going prosecution of Iran–Contra defendants was reasonably related to petitioners' defense. While such "defensive monitoring" may have been a reasonable expense for Shields and Gruner, it appears that such expenses are not reimbursable under the Act since they are not incurred "in 'defense to' an Independent Counsel's investigation." *Gardner*, 30 F.3d at 147 (quoting *Dutton*, 11 F.3d at 1078).

Shields also requests reimbursement of $12,030 for attorneys' fees incurred in evaluating and responding to Independent Counsel Walsh's Final Report. Although Shields had a statutory right to comment on the Report to protect his reputation, 28 U.S.C. § 594(h)(2), and we are aware that Walsh's Final Report was lengthy and complex, we find that the number of hours expended by his attorney in this regard (40.1) was unreasonably high. While in *Donovan*, 877 F.2d at 994, we allowed reimbursement for attorneys' fees connected to the Final Report, in that case the amount requested was a small portion, around five percent, of the fees awarded. Like the petitioner in *Gardner*, 30 F.3d at 147, however, the fees billed by Shields' attorney in connection with the Final Report are a significant part (close to twenty percent) of the total of other reimbursable fees incurred. Accordingly, following our practice in *Gardner*, we will reduce by one half the reimbursement for the fees Shields incurred for responding to the Final Report.

### III. CONCLUSION

In accordance with the foregoing analysis, the award shall reflect the following:

1. Disallow $4,200 in fees for Shields and $825 in fees for Gruner for representation connected to their roles as witnesses in other prosecutions.

2. Disallow $750 for Shields and $3,300 for Gruner in connection with their confer-

ences with and appearances before the Senate Intelligence Committee.

3. Disallow $5,340 for Shields and $1,125 for Gruner incurred in monitoring other prosecutions.

4. Reduce fees for Shields incurred in responding to the Final Report by half, or $6,015.

For the reasons set forth above, it is ordered that Shields be awarded $63,481.98 in reasonable attorneys' fees and expenses and that Gruner be awarded $13,110 in reasonable attorneys' fees. The computation is set forth in the Appendix.

*Judgment accordingly.*

### APPENDIX

| | | |
|---|---|---|
| Shields Total Fee Request Including Expenses | | $79,786.98 |
| Deductions in Opinion | | |
| 1. Representation for Shields as witness | 4,200 | |
| 2. Conferences with and testimony before Senate | 750 | |
| 3. Monitoring other prosecutions | 5,340 | |
| 4. Responding to Final Report | 6,015 | |
| TOTAL OF DEDUCTIONS | 16,305 | |
| TOTAL AWARD | | $63,481.98 |
| Gruner Total Fee Request | | $18,360 |
| Deductions in Opinion | | |
| 1. Representation for Gruner as witness | 825 | |
| 2. Conferences with and testimony before Senate | 3,300 | |
| 3. Monitoring other prosecutions | 1,125 | |
| TOTAL OF DEDUCTIONS | 5,250 | |
| TOTAL AWARD | | $13,110 |