### In re Oliver L. NORTH, et al. (CORR FEE APPLICATION).

### Division No. 86–6.

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels, Ethics in Government Act of 1978, as Amended)

June 9, 1995.

---

Before: SENTELLE, Presiding Justice, BUTZNER and FAY, Senior Circuit Judges.

*ORDER*

PER CURIAM.

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of Edwin G. Corr for reimbursement of attorneys' fees pursuant to section 593(f) of the Ethics in Government Act of 1978, as Amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993), and it appearing to the Court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the motion is well taken, it is hereby

**ORDERED, ADJUDGED AND DE-CREED** that the United States reimburse Edwin G. Corr for attorneys' fees he in-

curred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $18,155.37, this 9th day of June, 1995.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

Former United States Ambassador to El Salvador Edwin G. Corr petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993) ("the Act") for attorneys' fees he incurred during and as a result of the investigation conducted by Independent Counsel Lawrence E. Walsh. Corr seeks reimbursement in the amount of $20,000 for representation from April through October 1991. Under the Act, Corr is entitled to attorneys' fees if he satisfies section 593(f)(1), which allows reimbursement to "an individual who is the subject of an investigation conducted by an independent counsel pursuant to [the Act] ... if no indictment is brought against such individual pursuant to that investigation" for "reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of [the Act]." After considering Corr's petition, supporting authority, exhibits, and affidavits, and the Department of Justice's evaluation, we find that Corr is in large part correct and therefore allow the greater portion of the fees prayed.

## I. BACKGROUND

Consideration of this petition does not require repetition of the details of the Walsh investigation, the facts of which are generally collected in cases cited in *In re North (Shultz Fee Application)*, 8 F.3d 847, 849 (D.C.Cir. 1993) (per curiam). By letter dated March 26, 1991, the Independent Counsel ("IC") reminded Corr that, as he had been informed during his January 1991 interview with the IC, he was a subject of the ongoing investigation. Corr retained counsel shortly thereafter on April 4, 1991. The IC sought testimony from Corr about an April 1986 meeting he had at the American embassy in San Salva-

dor with certain Iran/Contra figures and which related to whether Corr knew about alleged circumvention of the Boland Amendments.[1] After Corr invoked his Fifth Amendment privilege, the IC obtained an immunity order and compelled him to give testimony before the grand jury on April 26, 1991. Corr was also required to testify before a grand jury in May and June 1991. In the Final Report, the IC alleged that Corr had testified falsely about the April 1986 meeting but stated that he decided not to prosecute Corr for these supposedly false statements because some of the supporting evidence had become problematic and other prosecutions were a more worthwhile use of resources.

As directed by 28 U.S.C. § 593(f)(2), this Court forwarded a copy of the petition to the Attorney General for the purpose of allowing her to file a written evaluation of the request for fees. She has submitted an evaluation for which the Court expresses its appreciation and which it has given due consideration in arriving at the decision announced herein.

## II. ANALYSIS

 As we noted above, the Act permits the reimbursement of fees only to "an individual who is the subject of an investigation conducted by an independent counsel" for "reasonable attorneys' fees" incurred "during that investigation" that "would not have been incurred but for the requirements" of the Act. 28 U.S.C. § 593(f)(1). According to our previous analysis of the statute, a successful petitioner must therefore demonstrate that:

(1) he is a "subject" of such investigation;

(2) the fees were incurred "during" the investigation;

(3) to be reimbursable, the fees must be such as "would not have been incurred but for the requirements of [the Act];" and

(4) the fees are "reasonable."

See, e.g., In re North (Dutton Fee Application), 11 F.3d 1075, 1077–82 (D.C.Cir.1993) (per curiam).

Although the Act does not define "subject," the Court has defined the term for purposes of the fee reimbursement provision as a person whose conduct is within the scope of the independent counsel's investigation and, more specifically, who knew at the time of incurring the fees sought in the petition that "his conduct was within that scope in such a fashion that 'the independent counsel might reasonably be expected to point the finger of accusation' at him." Shultz, 8 F.3d at 850 (quoting Dutton, 11 F.3d at 1078). Corr states that he squarely fits into the subject category based on the IC's statement that he was a subject. See id. (under any definition of the term, the criterion for subject is squarely met when the independent counsel tells a party that he is a subject). In her evaluation of the fee petition, the Attorney General states that in light of the limited information disclosed in the petition and available in the public, nonclassified portion of Independent Counsel Walsh's Final Report, she could not address the merits of this issue. However, the Court has reviewed those materials not available to the Attorney General and we conclude that Corr satisfies the requirements to be considered a subject, at least at the start of the term of representation.

The Attorney General also points out, however, that although Corr was a subject when he first retained counsel, it is questionable whether he remained a subject after he obtained grants of immunity in connection with his grand jury testimony in April, May, and June 1991, since this Court has expressly noted that a grant of immunity may eliminate a person's ongoing subject status. In re North (Gadd Fee Application), 12 F.3d 252, 256 (D.C.Cir.1994) (per curiam); Dutton, 11 F.3d at 1078–79. Since by statutory design the Attorney General is not fully familiar with all of the details of the IC's investigation and neither the Final Report nor Corr's fee application fully discusses the scope of the immunity granted, she does not take a position on the ultimate question of whether Corr was a subject during the entire span of his representation.

---

1. The Boland Amendments were riders to the Department of Defense Appropriation Act, Pub.L. No. 97–377, 96 Stat. 1830, 1833, 1865 (1982), which prohibited the government from spending money for the purpose of overthrowing the government of Nicaragua.

Corr responds that the Final Report states that Independent Counsel Walsh's investigation of him did not end until January 1992, *see* Final Report, Vol. I at 393, and that the threat of prosecution thus persisted a full six months after the third and final grant of immunity. Moreover, Corr states that the Report indicated that the decision not to indict him was based on concerns about the strength of the evidence against him and belief that resources could be better used elsewhere, not on any grants of immunity. *Id.* at 404. Corr maintains that the fact that there were three separate grants of immunity, coupled with the IC's rationale for his decision not to indict, confirm that the grants of immunity did not affect his status as a subject.

In *Gadd,* 12 F.3d at 256, the court determined that although Gadd claimed that he remained at risk of criminal prosecution even after receiving a grant of immunity, he did not remain "under such reasonable apprehension of prosecution that he qualified as a 'subject' under the fee award statute thereafter." *See also Dutton,* 11 F.3d at 1079 (although a grant of immunity is not dispositive, it does change the reasonable perception about whether attorneys' fees incurred after the grant were reasonably related to a defense of the independent counsel's investigation). Corr became a subject of a criminal inquiry primarily because of his alleged involvement with the circumvention of the Boland Amendments and, as the Court recognized in *Dutton,* 11 F.3d at 1080, and *Gadd,* 12 F.3d at 256, no Executive Branch official had ever treated such activities as having criminal consequences. It appears, however, that after the third grant of immunity, Corr did not remain "under such reasonable apprehension of prosecution," *Gadd,* 12 F.3d at 256, for his activities in connection with alleged circumvention of the Boland Amendments so as to continue his subject status for the remainder of Independent Counsel Walsh's investigation. While Corr may have remained under the threat of a prosecution for alleged perjury, this, unlike a prosecution for violations of the Boland Amendments, does not satisfy the "but for" requirement since it is a type of prosecution that is not uniquely related to the Act. *See Dutton,* 11 F.3d at 1080; *In re Nofziger,* 925 F.2d 428, 439 (D.C.Cir.1991) (per curiam) (holding "but for" requirement not satisfied where investigation had "no unique special factual features that but for the requirement of the Act would have permitted a quick termination if the investigation were conducted outside the Act").

In sum, we conclude that Corr was a subject of Independent Counsel Walsh's investigation from April 4, 1991, until June 14, 1991, that he incurred attorneys' fees during this period of the investigation, and that the fees would not have been incurred but for the requirements of the Act since they related to alleged violations of the Boland Amendments. After reviewing the contemporaneous time sheets and R. Stan Mortensen's affidavit providing more detailed information about the time billed, we also conclude that the hours billed and the expenses incurred during this period were reasonable. Accordingly, we will allow recovery for the fees incurred by Corr from April 4, 1991, up to and including his final appearance before the grand jury on June 14, 1991. These fees amount to 70.5 hours billed by R. Stan Mortensen at the rate of $230 per hour and 8.75 hours billed by Lisa D. Burget at the rate of $140 per hour, making a total of $17,440 in fees for professional services.[2] Likewise, we will also allow expenses for this limited period, which total $715.37.

### III. CONCLUSION

For the reasons set forth above, it is ordered that Corr be awarded $18,155.37 in reasonable attorneys' fees and expenses.

*Judgment accordingly.*

---

2. The Attorney General also raises the question whether these hourly rates are properly reimbursable under the Act based on discussions appearing in the legislative history of recent amendments to the Act. This argument has already been rejected by the Court in *In re North (Armitage Fee Application),* 50 F.3d 42, 44–46 (D.C.Cir.1995), and no further discussion is required for the instant fee application.