Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Filed December 3, 2004

————

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(LASATER FEE APPLICATION)

————

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

————

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

————

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Dan R. Lasater for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Dan R. Lasater for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*

For the Court:

Mark J. Langer, Clerk

By:

Marilyn R. Sargent

Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed December 3, 2004

———

Division No. 94-1

In Re: Madison Guaranty Savings & Loan
(Lasater Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges.*

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed *Per Curiam*.

*Per curiam*: Dan R. Lasater petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) ("the Act"), for reimbursement of attorneys' fees in the amount of $863,095.11 that he claims were incurred during and as a result of the investigation conducted by Independent Counsel. Because we conclude that Lasater has not carried his burden of establishing any of the elements of his entitlement, we deny the petition in its entirety.

## Background

In 1978 Congress enacted the Independent Counsel Act, which instructed the Attorney General to request an outside prosecutor in cases alleging criminal conduct by high federal government officials. Since the Act included a sunset provision, it had to be reenacted periodically in order to stay in effect. This Congress regularly did until the early 1990's when it let the Act lapse for 18 months.

During the lapse, specifically in early 1994, the Attorney General appointed Robert B. Fiske as a regulatory independent counsel to investigate allegations of questionable business transactions by then-President William Jefferson Clinton while he was Governor of Arkansas in the 1980's. One among these was the allegation that Dan R. Lasater, the fee petitioner here, improperly received state bond business as a result of his relationship with President Clinton and his brother Roger Clinton. In April and June, 1994, Fiske issued eight subpoenas to Lasater and his various companies, calling for the production of documents.

At about this same time, in June of 1994, Congress reauthorized the independent counsel statute. On August 5, 1994, we appointed Kenneth W. Starr as statutory independent counsel to take over Fiske's investigation. All of the documents called for in the subpoenas issued to Lasater, however, were produced to Fiske prior to Starr's appointment. No criminal charges were brought against Lasater concerning the matter.

Pursuant to § 593(f)(1) of the Act, Lasater now petitions the court for reimbursement of the fees he incurred in responding to the subpoenas, in the amount of $863,095.11, consisting of $250,000 in attorneys' fees and $613,095.11 in expenses. As directed by § 593(f)(2) of the Act, we forwarded copies of Lasater's fee petition to the AG and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the AG for submitting these evaluations, to which we have given due consideration in arriving at the decision announced herein.

**Discussion**

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a subject of the investigation; 2) the fees were incurred during the investigation; 3) the fees would not have been incurred but for the requirements of the Act; and, 4) the fees are reasonable. *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam).

Among the issues in dispute regarding Lasater's fee application are whether Lasater was a subject of the IC's investigation; whether his fees were incurred by him; whether his fees were incurred during the IC's investigation; whether his fees would have been incurred but for the requirements of the Act; and whether his fees are reasonable. We discuss each of these issues in turn.

*Subject*. Lasater claims that he was a subject of the IC's investigation solely because the "scope of the inquiry related to him" showed that "there was a realistic possibility that he would become a defendant." But in her evaluation, the IC states that "there is no support for [Lasater's] assertion that he was a subject" and "given [his] bare-bones argument, it is difficult for the Independent Counsel to respond in any

concrete way, other than to say Lasater has offered nothing to meet his burden of [proving that he was a subject].”

The statute by its terms provides reimbursement of fees only to “an individual who is the *subject* of an investigation conducted by an independent counsel.” 28 U.S.C. § 593(f)(1) (emphasis added). A fee applicant must establish that he is a person whose conduct was within the scope of the independent counsel’s investigation in the sense that “the Independent Counsel might reasonably be expected to point the finger of accusation” at him. *Dutton*, 11 F.3d at 1078. Although regulatory counsel Fiske issued subpoenas to Lasater and his companies for the production of documents, there is no evidence of any contact whatsoever between Lasater and Independent Counsel Starr’s office. Therefore, IC Starr could not reasonably have been expected to point the finger of accusation at Lasater. We therefore agree with the IC that Lasater has not established that he was a subject of the independent counsel’s investigation.

*Incurred by.* The IC argues that Lasater’s request for reimbursement is “wholly frivolous” in that the documents submitted by Lasater show that all the fee payments were made by his corporate entities, not by him. The DOJ agrees, also noting that it appears the legal fees and claimed copying expense were all paid for by corporations.

The Act states that this Court “[u]pon the request of an individual . . . may . . . award reimbursement for those reasonable attorneys’ fees incurred by that individual during that investigation.” 28 U.S.C. § 593(f)(1). We have held that fees are not incurred by an individual unless that person “actually paid the fees or [is] legally liable for them.” *In re North (Gadd Fee Application)*, 12 F.3d 252, 255 (D.C. Cir., Spec. Div., 1994) (per curiam). In *In re North (Langton and Mason Fee Application)*, 32 F.3d 609 (D.C. Cir., Spec. Div., 1994) (per curiam) the fee petitioners were corporate employees who were investigated by an independent counsel. The corporation paid the employees’ legal fees incurred in defense of the investigation. We held that the petitioners were not entitled to reimbursement because “the fees were really

incurred by the corporation, which cannot apply for reimbursement under the Act." *Id.* at 610; *see also Gadd*, 12 F.3d at 254–55 (a corporation is not an individual and is thus not entitled to request reimbursement under the Act). We reach the same conclusion here, as the records indicate that the attorneys' fees were really incurred by Lasater's corporate entities.

*During the investigation.* Lasater states that he is seeking reimbursement only for fees that "relate to responding to the subpoenas issued to him." The IC points out, however, that the OIC's records "indicate that Lasater was only subpoenaed during Independent Counsel Fiske's investigation, and he produced all documents before Independent Counsel Starr was appointed."

The Act states that we may award attorneys' fees to "an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter" if the fees were "incurred by that individual during that investigation." 28 U.S.C. § 593(f)(1). We have held that this statutory requirement must be strictly construed. *In re Sealed Case*, 890 F.2d 451, 454 (D.C. Cir., Spec. Div., 1989) (per curiam). Consequently, for reimbursement purposes the fees must have been spent in defense of an investigation conducted by a *statutory* independent counsel. As the IC points out, however, Lasater incurred all of his fees in defense of the investigation conducted by *regulatory* independent counsel Fiske.

*But for.* Lasater claims that he is eligible for reimbursement of his attorneys' fees because he would never have been investigated or required to produce any documents "but for the Independent Counsel's unprecedented investigation of Bill and Hillary Clinton and their business activities." He further argues that the IC's decision not to bring charges against him "underscores that [he] would not have been subjected to being investigated and thus incurring attorneys' fees if he had been investigated by a [regular prosecutor]." As authority, Lasater cites *In re Dutton*, 11 F.3d at 1080, for the proposition that subjects of independent counsel investigations should only have to "pay[ ] those attorneys' fees that would

normally be paid by private citizens being investigated for the same offense by [a regular prosecutor]."

The IC again calls Lasater's argument "wholly frivolous." She notes that Lasater and his corporations were subpoenaed when the investigation was being conducted by regulatory counsel Fiske, and thus within jurisdiction of the DOJ. As such, "his assertion that he never would have been investigated by DOJ is demonstrably false."

We agree. In the recent past we have had several occasions to consider the effect of Fiske's investigation on the "but for" requirement for those petitioners caught up in the so-called "Whitewater" investigation. *See In re Madison Guar. Sav. & Loan (Clinton Fee Application)*, 334 F.3d 1119, 1127 (D.C. Cir., Spec. Div., 2003) (per curiam); *In re Madison Guar. Sav. & Loan (Larry Fee Application)*, 358 F.3d 970, 976 (D.C. Cir., Spec. Div., 2004) (per curiam); *In re Madison Guar. Sav. & Loan (Livingstone Fee Application)*, 373 F.3d 1373, 1378 (D.C. Cir., Spec. Div., 2004) (per curiam). In each instance we noted that the fee petitioner could not claim that an investigation of the matter by an ordinary prosecutor (e.g., the DOJ) would not have been undertaken in the absence of the Act, as Fiske's investigation was exactly that. Since it appears that Fiske was the only prosecutor who undertook an investigation of Lasater, his claim that he would not have been investigated by an ordinary prosecutor is groundless.

*Reasonable.* Lasater has not submitted any billing records with his application, stating that "because of the lapse of time" his lawyers' records are no longer available. For evidence that he did in fact incur and pay the fees, Lasater has included with his petition photocopies of four checks payable to his lawyers, totaling $250,000. The checks are from the LFI Corporation, one of Lasater's businesses. Similarly, Lasater states that he "cannot locate the billing records from Professional Support Services, Inc." According to him, these records would show that he paid $613,095.11 to that company for photocopying. In lieu of the records, he states that to his petition he "is attaching the tax return from LFI

Corporation which reflects the sale of a note for which the proceeds were utilized to pay copying expenses to Professional Support Services, Inc." So although there are no billing records, Lasater "respectfully requests that this Court consider that the payments were in fact made and that he is an astute business person and would not have paid fees and costs that were unreasonable."

The IC asserts that the court should deny Lasater's petition in its entirety because he has not shown that the fees were reasonable, i.e., no evidence was presented as to the prevailing rates for the services of comparable attorneys in the community. *See In re Donovan*, 877 F.2d 982, 992 n.19 (D.C. Cir., Spec. Div., 1989). For its part, the DOJ states that "the fee application is facially deficient because it lacks any documentation in support of the fees or expenses." Regarding the $250,000 in fees, the DOJ argues that "Lasater has submitted no contemporaneous time records of the hours worked by his attorneys, of their rates, or any description at all of the subject matter of the work." And regarding the $613,095.11 in expenses, the DOJ notes that "[n]ot only is there no support for his claim that he actually paid this substantial copying charge, there is also no itemization that would allow an assessment of the reasonableness of the charge."

We have explained elsewhere that without documentation adequately describing the legal work for which the fees were incurred, it is "impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task." *In re Sealed Case*, 890 F.2d at 455. As there are no billing records in the case before us, there is nothing upon which we can make a judgment as to the reasonableness of Lasater's request.

## Conclusion

Before an award can be made for reimbursement of attorneys' fees incurred pursuant to an independent counsel investigation, the fee petitioner must meet all of the requirements

of § 593(f)(1) of the Act. For the reasons set forth above, we find that petitioner Lasater has met none of them. The petition is denied.