12-3641-pr
Fludd v. Fischer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand fourteen.

PRESENT:  DENNIS JACOBS,
           ROBERT D. SACK,
           RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

------------------------------------------------------------------

JOVAN FLUDD,

                      *Plaintiff-Appellant*,

                v.                    No. 12-3641-pr

BRIAN FISCHER, COMMISSIONER, ANTHONY ANNUCCI, DEPUTY COMMISSIONER, ROBERT KIRKPATRICK, SUPERINTENDENT, MARTIN KEARNEY, CAPTAIN, JOSEPH NOETH, CAPTAIN, CURTIS DROWN, COMMISSIONER HEARING OFFICER, THOMAS STICHT, DEPUTY SUPERINTENDENT, KAREN CROWLEY, DEPUTY SUPERINTENDENT, STEPHEN CASACELI, CAPTAIN, NORMAN BEZIO,

DIRECTOR OF SPECIAL HOUSING UNIT, JAMES
HERRING, CORRECTIONAL OFFICER,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:     KATHLEEN E. DION (Jeffrey J. White, *on the brief*),
                   Robinson & Cole LLP, Hartford, CT.

FOR APPELLEES:     VICTOR PALADINO, Assistant Solicitor General
                   (Barbara D. Underwood, Solicitor General, and
                   Denise A. Hartman, Assistant Solicitor General,
                   *on the brief*), *for* Eric T. Schneiderman, Attorney
                   General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Jovan Fludd appeals from a judgment of the District Court granting the motion of defendants-appellees ("defendants") to dismiss, or in the alternative, for summary judgment as to all of Fludd's claims. These claims alleged a variety of constitutional violations stemming from Fludd's long-term confinement in administrative segregation. On December 3, 2012, this Court dismissed the bulk of Fludd's appeal but allowed him to proceed with his challenge to the District Court's dismissal of his due process claims concerning his administrative segregation after March 2008. On appeal, Fludd argues that the District Court erred in (1) concluding that collateral estoppel bars his due process claim with respect to an April 2008 hearing and determination to place him in administrative segregation, and (2) dismissing his due process claim with respect

2

to the defendants' failure to provide periodic and meaningful reviews of his administrative segregation status.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

We review decisions granting both motions to dismiss and motions for summary judgment de novo.  Aegis Ins. Servs., Inc. v. 7 World Trade Co., 737 F.3d 166, 176 (2d Cir. 2013).

"New York courts apply collateral estoppel, or issue preclusion, 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.'"  LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (quoting Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349 (1999)).  The burden of proof on the "full and fair opportunity" requirement rests with the party opposing collateral estoppel.  See Schwartz v. Pub. Adm'r of Cnty. of Bronx, 24 N.Y.2d 65, 73 (1969).

Applying these principles, we conclude that the District Court properly determined that collateral estoppel bars Fludd's claim that the April 2008 hearing and determination to place him in administrative segregation violated his due process rights.  The issues underlying this due process challenge were raised, necessarily resolved against Fludd, and material in a previous Article 78 proceeding.  See Fludd v. N.Y. State Dep't of Corr. Servs., 879 N.Y.S.2d 606, 609-10 (3rd Dep't 2009).  And we discern no procedural deficiencies in either the Article 78 proceeding or the April 2008 hearing that "produced some significant effect on" the review of these issues or otherwise prevented Fludd from fully litigating them in the Article 78 proceeding.  See Giakoumelos v. Coughlin, 88 F.3d 56, 59-60 (2d Cir. 1996); see also Parker, 93 N.Y.2d at 350.

3

We turn next to Fludd's claims concerning the defendants' failure to conduct periodic and meaningful reviews of his administrative segregation status. An inmate has a liberty interest protected by procedural due process when his "confinement subject[s] [him] to 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Depending on its duration and conditions, administrative segregation can constitute "atypical and significant hardship." See Palmer v. Richards, 364 F.3d 60, 64-66 (2d Cir. 2004). Although our cases consistently decline to establish bright-line rules in this area, we have previously determined that, even under "normal" conditions, solitary confinement for 305 days constitutes "a sufficient departure from the ordinary incidents of prison life to require due process protections." Colon, 215 F.3d at 231.

For the purpose of establishing a liberty interest, a district court should consider the entire "sustained period of confinement." Giano v. Selsky, 238 F.3d 223, 226 (2d Cir. 2001). Fludd's complaint alleges that he spent more than two and a half years in continuous solitary confinement after the April 2008 hearing before the filing of this complaint. This unbroken stretch, substantially longer than 305 days, is sufficiently "atypical and significant" to establish a liberty interest.[1] See, e.g., Colon, 215 F.3d at 231.

---

[1] Because the duration of Fludd's confinement alone establishes a liberty interest, we do not address the District Court's conclusion that the conditions of Fludd's confinement were not atypical and significant in relation to general prison conditions. Cf. Palmer, 364 F.3d at 64–65 (district courts are in the usual case expected to engage in a "fact-intensive inquiry" regarding the conditions of confinement when the plaintiff was segregated from the general prison population for a substantial length of time).

We therefore vacate the District Court's judgment as it pertains to Fludd's periodic-review claim. On remand, the District Court may determine, in the first instance, whether the failure to conduct regular status reviews violated constitutional due process, and whether the defendants are entitled, at the pleadings stage, to qualified immunity. We affirm the judgment of the District Court, however, insofar as it concluded that Fludd's allegations are insufficient to state a plausible claim that the status reviews which did take place did not satisfy the minimum requirements of the Due Process Clause. See Hewitt v. Helms, 459 U.S. 460, 472, 477 n.9 (1983) (stating that prison officials need "engage only in an informal, nonadversary review of the information supporting [the inmate's] administrative confinement," without necessarily permitting "the submission of any additional evidence or statements").

We have considered Fludd's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court