**In re Oliver L. NORTH (Gadd Fee Application).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.
(Division of the Court for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Jan. 29, 1988.

As Amended Feb. 17, 1988.

Before MacKINNON, Presiding, MORGAN and PELL, Senior Circuit Judges.

## ON APPLICATION FOR ATTORNEY'S FEES

PER CURIAM.

In connection with the so-called Iran–Contra Investigation being conducted by Independent Counsel Lawrence E. Walsh, pursuant to his appointment on December 19, 1986 by the Division of the Court for the Purpose of Appointing Independent Counsels [1] (the "Court"), Richard B. Gadd, American National Management Corporation, Eagle Aviation Services and Technology and Airmach, Inc., apply to the Court (1) to rule upon a procedural question and (2) to order an award reimbursing them for their attorneys' fees and costs in that investigation. Applicants request $159,604.50 in attorneys' fees and $3,717.10 for expenses incurred. The request for the procedural ruling is denied as a request for an advisory opinion, and the request for attorneys' fees and expenses is presently denied for the reasons hereinafter set forth.

### I

Applicants base their request for reimbursement of attorneys' fees and costs (Gadd Application) upon section 593(g) of title 28, United States Code, which provided:

> Upon request by the subject of an investigation conducted by an independent counsel ... the division of the court may, in its discretion, award reimbursement for all or part of the attorney's fees incurred by such subject during such investigation if—
>
> (1) no indictment is brought against such subject; and

1. *See* 28 U.S.C. § 591 *et seq.*

(2) the attorneys' fees would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(g).[2] The Application asserts that Gadd was a "subject" in the investigation covered by the Independent Counsel statute, that he testified under a grant of transactional immunity,[3] and that he has not been indicted. It is true that he has not been indicted. However, Gadd and agents of the corporate applicants might still be called to testify at trial and "... a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order [granting immunity] ..."[4] is still possible.

 It is much too early in the Independent Counsel's investigation and possible prosecutions to determine that the court's statutory "discretion" should be exercised to order an award of attorneys' fees. Section 593(g) did provide that the award of

attorneys' fees is within the court's "discretion," but the Senate Report accompanying the legislation indicated that attorneys' fees are not to be granted as a routine matter:

> [R]eimbursement of attorneys' fees would be warranted, if at all, *in only rare instances....* [T]he court should award attorneys' fees sparingly and ... reimbursement should not become a routine event.

S.Rep. No. 496, 97th Cong., 2d Sess. 18, 19, *reprinted in* 1982 U.S.Code Cong. & Admin.News 3537, 3555 (emphasis added). Such awards also require a determination by the court that the "fees would not have been incurred by a private citizen ... in the absence of the special prosecutor law." 1982 U.S.Code Cong. & Admin.News at 3554; cf., § 593(g)(2). Since none of the applicants are designated by name as subjects of the Independent Counsel investiga-

---

**2.** The prior Independent Counsel Act sunset on January 3, 1988 and was succeeded by the "Independent Counsel Reauthorization Act of 1987", P.L. 100–191, Dec. 15, 1987, 101 Stat. 1293, *et seq.* This Act continues to authorize the Division of the Court, in its discretion, to award reimbursement for attorney's fees in the following language:

"(f) Attorney's Fees.—

"(1) Award of Fees.—Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter. The division of the court shall notify the Attorney General of any request for attorneys' fees under this subsection.

"(2) Evaluation of Fees.—The division of the court may direct the Attorney General to file a written evaluation of any request for attorneys' fees under this subsection, analyzing for each expense—

"(A) the sufficiency of the documentation;

"(B) the need or justification for the underlying item; and

"(C) the reasonableness of the amount of money requested."

§ 593(f). This subsection provides that an "individual," instead of a "person" may request attorneys fees.

**3.** "Transactional immunity" affords a witness immunity from prosecution for the *offense* to

which his compelled testimony relates. "Use immunity" prohibits a witness' testimony from being *used* in any manner in connection with the criminal prosecution of the witness. *Block v. Consino,* 535 F.2d 1165 (9th Cir.), *cert. denied,* 429 U.S. 861, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *In re Kilgo,* 484 F.2d 1215 (4th Cir.1973); *United States v. Pellon,* 475 F.Supp. 467 (S.D.N.Y.1979), *aff'd,* 620 F.2d 286 (2d Cir.1980), *cert. denied,* 446 U.S. 983, 100 S.Ct. 2963, 64 L.Ed.2d 839 (1980). *Cf. United States v. Romano,* 583 F.2d 1 (1st Cir.1978).

**4.** 18 U.S.C. § 6002 provides:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

(2) an agency of the United States, or

(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. 18 U.S.C. § 6002.

tion, and the only named subject of the investigation did not occupy any one of the high government offices designated in the Independent Counsel Act, it is not certain that the same fees would not have been incurred if the Independent Counsel law did not exist, and the United States Attorney instead had conducted a grand jury investigation of Gadd, et al.

Statutes that waive the sovereign immunity of the United States, as this one does,[5] are to be strictly construed. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983).[6] "[S]pecific and explicit [statutory] provisions for the allowance of attorneys' fees," rather than court-imposed fee-shifting, are required before allowing such waiver. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 257, 260, 95 S.Ct. 1612, 1620, 1623, 44 L.Ed.2d 141 (1975).

Further questions remain as to whether applicants were "subjects" of the grand jury investigation as that term was used in the statute. Gadd, *et al.,* may not have been *subjects* under the statute.

An additional question might remain as to whether the Court, in the exercise of a sound judicial discretion, should award attorneys' fees to an applicant witness against whom "no indictment [was] ... brought" when the witness might have been indicted, but was not because of immunity granted to secure grand jury testimony against others who were subjects of the investigation. Thus, whether reimbursement is limited to those persons against whom insufficient evidence existed to indict, or whether they may be entitled to reimbursement when they are guilty but were not indicted because they were granted immunity after a claim of "self incrimination" (18 U.S.C. § 6002) in order to ob-

tain their evidence against others, is very much an open question which, along with other questions, cannot be fully considered until the latter stages of the investigation, and any resulting prosecutions, when all the evidence will be in.

The Independent Counsel investigation of Oliver L. North, *et al.* has had worldwide ramifications, is still pending, and, in addition to the other reasons stated above, this is an inopportune time to interrupt the personnel conducting the ongoing investigation to embark on an extensive collateral fee inquiry. Two indictments have been returned to which there were guilty pleas, but the outcome of the principal investigation, and whether any additional indictments will be returned, is speculative at this time. Nor is it currently possible to determine whether, in the event additional indictments are returned, further indictments—not prohibited by the granted transactional immunity—might be returned against applicants arising from possible criminal conduct in connection with the resulting prosecutions. It is thus impossible for the Court in the exercise of its "discretion" at this time to determine whether applicants are presently entitled, or will finally be entitled, to reimbursement for attorneys' fees under the statute. Applicants' request for a fee award is thus premature.

■ Therefore, the request for attorneys' fees is denied without prejudice to renewal after the termination of the pending investigation and any relevant prosecution by the Independent Counsel.

*Judgment accordingly.*[7]

---

**5.** *See NAACP v. Civiletti,* 609 F.2d 514, 516 (D.C. Cir.1979) (Section 593(g) constitutes waiver of United States' sovereign immunity), *cert. denied,* 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980); *In re Jordan,* 745 F.2d 1574, 1576 (D.C. Cir.1984).

**6.** *See also McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *In re Jordan,* 745 F.2d 1574, 1576 (D.C.Cir.1984);

*Nichols v. Pierce,* 740 F.2d 1249, 1255 (D.C.Cir. 1984).

**7.** By letter, applicants request the Court's advice and direction as to whether they should serve process upon the Attorney General and the Department of Justice. The Court does not respond to requests by letter. The request also falls in the category of a request for an advisory opinion, to which Article III courts do not respond. Applicants further inquire whether the

motion should be under seal. This further inquiry is mooted by the Court's public release of this decision with respect to the application for attorneys' fees, but we express no opinion as to whether other matters should or should not be placed under seal.