**In re Oliver L. NORTH, et al.
(Cave Fee Application).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

June 27, 1995.

Before: SENTELLE, Presiding,
BUTZNER and FAY, Senior Circuit Judges.

### ORDER

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of George Cave for reimbursement of attorneys' fees pursuant to section 593(f) of the Ethics in Government Act of 1978, as Amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993), and it appearing to the Court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the motion is well taken, it is hereby

**ORDERED, ADJUDGED, AND DE-CREED** that the United States reimburse George Cave for attorneys' fees he incurred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $19,912.50, this 27th day of June, 1995.

Opinion for the court filed PER CURIAM.

PER CURIAM:

George Cave ("Cave") petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591, *et seq.* (1988 and Supp. V 1993) ("the Act") for reimbursement of attorneys' fees he

incurred during and as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh ("IC"). Cave seeks reimbursement in the amount of $19,912.50 for representation from August 1991 through December 1992. After considering Cave's petition, we find that his request is extremely reasonable and that he is entitled to attorneys' fees in the amount of $19,912.50.

## I. BACKGROUND

The facts of the Iran/Contra investigation are generally collected in cases cited in *In re North (Shultz Fee Application)*, 8 F.3d 847, 849 (D.C.Cir.1993) (per curiam), therefore we need not repeat them here. During the time that the events which constituted the Iran/Contra matter took place, George Cave was a consultant under contract to the Central Intelligence Agency ("CIA"), acting as a senior advisor to the Counter Terrorist Center. Because of his position, Cave was requested by the Office of Independent Counsel ("OIC") to participate in interviews concerning his knowledge of the Iran/Contra matter. Cave participated in nine such interviews in 1987 and 1988. He also appeared before a grand jury in 1988. During this time Cave participated in the investigation as a cooperating witness and was not represented by counsel.

In late July 1991, OIC again contacted Cave and requested an interview or grand jury appearance. After receiving this request, Cave asked OIC for a written confirmation of his status. In a letter dated August 5, 1991, OIC informed Cave that he was "a subject of the investigation." On August 7, 1991, Cave received a grand jury subpoena listing several criminal charges being considered by the grand jury. After receiving this subpoena, Cave retained the services of a lawyer on August 8, 1991. Cave appeared before the grand jury on August 30, 1991. Upon advice of counsel, he exercised his constitutional right to decline to answer the questions put to him at that time. Cave was then granted use immunity and subsequently answered all questions put to him before the grand jury. Between August 1991 and November 1991, Cave appeared before the grand jury four times. On July 1, 1992, the OIC informed Cave that he would be called as a witness in the trial of Clair George. After consulting with counsel, Cave testified at the George trial on August 10 and 11, 1992. That trial ended with a hung jury. On October 8, 1992, Cave received a subpoena requiring his testimony in the George retrial. On October 21, 1992, Cave, accompanied by counsel, testified at the second George trial. In connection with this testimony, Cave continued to actively consult with his attorney until October 27, 1992. Cave assumed that he remained a subject of the investigation until it closed in December 1992 because he was never notified otherwise by OIC and because OIC did not discount the prospect of future indictments.

On July 15, 1994, Cave petitioned this Court for reimbursement of the fees he incurred as a result of the Independent Counsel's investigation. As directed by section 593(f)(2) of the Act, the Attorney General filed a written evaluation of Cave's fee request which will be considered in our discussion.

## II. ANALYSIS

■ Under the Act, Cave is entitled to attorneys' fees if he satisfies section 593(f)(1), which allows the "subject of an investigation conducted by an independent counsel" to request reimbursement for "those reasonable attorneys fees incurred by that individual during that investigation which would not have been incurred but for the requirements of [the Act] ... if no indictment is brought against such individual pursuant to that investigation ..." 28 U.S.C. § 593(f)(1). This Court has previously addressed this statute and has found that a successful petitioner must therefore demonstrate that:

(1) he is a "subject" of such investigation;

(2) the fees were incurred "during" the investigation;

(3) the fees would not have been incurred "but for" the requirements of the Act; and

(4) the fees are "reasonable."

*See In re North (Corr Fee Application)*, 56 F.3d 261, 263 (D.C.Cir.1995) (per curiam), citing *In re North (Dutton Fee Application)*,

11 F.3d 1075, 1077–82 (D.C.Cir.1993) (per curiam). We will address each of these requirements in turn.

### A. Cave's "Subject" Status

■ There is no question that Cave became a subject of the OIC's investigation when he received a letter from OIC on August 5, 1991, specifically advising him that his status was "that of a subject of the investigation." The Department of Justice in its "Evaluation of George Cave's Application For Attorneys' Fees," however, rightly brings up the concern as to whether Cave remained a subject of the investigation after he was granted use immunity in connection with his August 30, 1991 appearance before the grand jury.

■ In assessing the effect of use immunity on an individual's "subject" status, this Court in *Dutton* noted that "[t]he federal use immunity statute, 18 U.S.C. § 6002, confers immunity only against the use of the testimony compelled under the immunizing order; 'it does not confer transactional immunity under which the witness could not be prosecuted at all for the transaction about which he testifies.'" *Dutton*, 11 F.3d at 1078–79, *citing United States v. Poindexter*, 859 F.2d 216, 219 (D.C.Cir.1988) (citation omitted). We concluded in *Dutton* that

> an individual who would otherwise qualify as a "subject" of an independent counsel investigation does not automatically lose that status (and his right to seek reimbursement of attorneys' fees) merely because the independent counsel exercises his discretion to obtain use immunity for that individual in order to secure his testimony against others.

*Dutton*, 11 F.3d at 1078–79. The use immunity statute "provides a sweeping proscription of any use, direct, or indirect, of the compelled testimony and any information derived therefrom ..." *Pillsbury Company v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) (citation omitted). And, "once a defendant establishes that he has testified under a grant of immunity, 'the

prosecution [has] the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony.'" *Pillsbury*, 459 U.S. at 255, 103 S.Ct. at 613, quoting *Kastigar v. United States*, 406 U.S. 441, 460, 92 S.Ct. 1653, 1665, 32 L.Ed.2d 212 (1972). The proper test in determining whether Cave remained a subject after he was granted use immunity is whether the grand jury "was examining conduct of his in a way that would lead a reasonably counseled person at the time of incurring the fees to believe that there was a realistic possibility that he would become a defendant." *Dutton*, 11 F.3d at 1079. After examining the sealed documents provided to us, we find that the grant of use immunity did not protect Cave from "the realistic possibility that he would become a defendant" because the information he provided to the grand jury could have been derived from two to four other witnesses, thus providing the government with a "wholly independent" source for the testimony if it chose to pursue charges against Cave. We therefore conclude that Cave remained a subject of the investigation even after he was granted use immunity and continued to be a subject until the investigation closed.[1]

### B. Fee's Incurred During the Investigation

■ It is clear from the record that the fees requested by Cave were incurred during the investigation as is required by the Act. Cave has requested attorneys fees from August 8, 1991, after he had received both the letter from OIC notifying him that he was a subject of the investigation and the grand jury subpoena listing the charges being considered against him, to October 27, 1992, when he last consulted with counsel regarding his testimony in the Clair George retrial.

### C. The "But For" Requirement

■ There is no doubt that Cave incurred the requested fees because of the requirements of the Act. In *Dutton* we stated:

---

**1.** In fact, to this day, Cave has not been notified that he is no longer a subject of the Iran/Contra investigation and only assumed so in December 1992 when the investigation closed.

curred during the course of the Independent Counsel's investigation.

*Judgment Accordingly.*