**In re Samuel R. PIERCE, Jr. (OLIVAS FEE APPLICATION).**

**Division No. 89–5.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, As Amended).

Dec. 31, 1996.

Before: SENTELLE, Presiding Judge,
BUTZNER and FAY, Senior Circuit Judges.

## ON APPLICATION FOR ATTORNEYS' FEES

PER CURIAM.

Ernest Olivas, Jr., has filed a renewed petition for attorneys' fees and costs and a motion and memorandum to file these documents under permanent seal. Olivas previously filed a petition for attorneys' fees and costs, which we denied as premature in an order dated August 15, 1995.

■ Attorneys' fees and costs are available to an unindicted subject of an independent counsel investigation under section 593(f) of the Independent Counsel Act, 28 U.S.C. §§ 591–599. This section permits such reimbursement only to "an individual who is the subject of an investigation conducted by an independent counsel" of the "reasonable attorneys' fees incurred ... during that investigation which would not have been incurred but for the requirements" of the Act. 28 U.S.C. § 593(f)(1). Accordingly, a successful applicant must demonstrate that: "(1) he is a 'subject' of such investigation; (2) the fees were incurred 'during' the investigation; (3) the fees would not have been incurred 'but for' the requirements of the Act; and (4) the fees are 'reasonable.'" *In re North (Cave Fee Application)*, 57 F.3d 1117, 1119 (D.C.Cir. Spec. Div.1995) (per curiam).

■ Pursuant to section 594(h)(1)(B), an independent counsel, before the termination of his office, must file "a final report with the division of the court, setting forth fully and completely a description of the work of the independent counsel, including the disposition of all cases brought." The final report serves several purposes, one of which is to provide the court a context in which to evaluate fee applications. Without the final report's full account of an independent counsel's investigation, it is very difficult for the court to determine whether the fee applicant qualifies as a subject under the Act, whether the underlying item would have been incurred but for the requirements of the Act, and whether the fees claimed are reasonable. Thus, without the final report, it is "impossible for the Court in the exercise of its 'discretion' ... to determine whether applicants are presently entitled, or will finally be entitled, to reimbursement for attorneys' fees under the statute." *In re North (Gadd Fee Application)*, 842 F.2d 340, 342 (D.C.Cir. Spec. Div.1988) (per curiam) (finding premature a fee application filed before the end of the Independent Counsel's investigation).

Moreover, section 593(f)(2) instructs the court to direct the Attorney General and the independent counsel to file written evaluations of any request for attorneys' fees, addressing: "(A) the sufficiency of the documentation; (B) the need or justification for the underlying item; (C) whether the underlying item would have been incurred but for the requirements of this chapter; and (D) the reasonableness of the amount of money requested." Under the provisions of the Act, however, the Attorney General is insulated from the independent counsel's investigation in order to avoid any possible conflicts of interest that may arise from a high-level executive branch official, like the Attorney General, investigating another high-level official in the same Administration. *See In re Olson*, 818 F.2d 34, 39 (D.C.Cir. Spec. Div. 1987) (noting that "[t]he statute is designed to ensure that violations of federal criminal law by high-ranking government officials (particularly those who are of the same party as the Administration in power) will be fairly and impartially investigated and prosecuted"); *see also* 28 U.S.C. § 597(a) ("Whenever a matter is in the prosecutorial jurisdiction of an independent counsel ... the Department of Justice, the Attorney General, and all other officers and employees of the Department

of Justice shall suspend all investigations and proceedings regarding such matter....". Thus, because the Attorney General is by statute kept separate from the specifics of an independent counsel's investigation, without the final report she would have no basis upon which to evaluate a fee application using the four statutory factors. Additionally, were we to permit fee applications to be filed before the issuance of a final report, it would divert necessary assets from the independent counsel while he was still involved in the time-consuming tasks of either continuing the investigation or compiling the final report. *See Gadd,* 842 F.2d at 342 (noting that it is "an inopportune time to interrupt the personnel conducting the ongoing investigation to embark on an extensive collateral fee inquiry").

Thus, for the reasons stated above, we conclude that applicant's request for a fee award is premature. The motion is therefore denied without prejudice to renewal after the filing of a final report by Independent Counsel Thompson.

As for Olivas's motion to file under seal, it is also denied. The court's practice has been to make fee applications publicly available so that the public may understand the reasons for the court's disbursement of (often large amounts of) public funds to someone who was investigated by an independent counsel. *Cf. Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8, 106 S.Ct. 2735, 2740, 92 L.Ed.2d 1 (1986) (noting that in deciding whether there is a right of public access to criminal proceedings, courts consider whether the place and process have historically been open to the public and whether public access plays a significant role in the functioning of the proceeding); *Washington Post v. Robinson,* 935 F.2d 282, 288 (D.C.Cir. 1991) (same). Previous fee applicants have been able to strike a balance between providing the court adequate descriptions of the work performed for the fees claimed and protecting privileged information. Olivas has failed to demonstrate that a similar balance is not possible for his fee application.

*Judgment accordingly.*