## In re Ronald H. BROWN (Hill Fee Application) (White Fee Application) (Brannock Fee Application).

### Division No. 95–2.

United States Court of Appeals, District of Columbia Circuit.

Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended.

June 6, 1997.

Before SENTELLE, Presiding Judge, BUTZNER and FAY, Senior Circuit Judges.

### ORDER

PER CURIAM:

This matter coming to be heard and being heard before the Special Division of the Court, upon the applications of Nolanda S. Hill, Kenneth C. White, and Lisa M. Brannock for reimbursement of attorneys' fees pursuant to § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (1994), and it appearing to the Court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the applications are not well taken, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the applications of Nolanda S. Hill, Kenneth C. White, and Lisa M. Brannock for attorneys' fees and expenses they incurred during the investigation by Independent Counsel Daniel Pearson be denied without prejudice to renewal after the completion of the investigation by the Department of Justice. It is

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Independent Counsel's request for relief from further obligations is also denied.

### ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

Nolanda S. Hill, Kenneth C. White, and Lisa M. Brannock petition this Court under § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (1994), for reimbursement of attorneys' fees incurred during, and as a result of, the inves-

degree of care, it is not unreasonable to expect such a pilot to appropriately prioritize, and fulfill, competing duties.").

tigation conducted by Independent Counsel Daniel S. Pearson. Although the investigation has been terminated by the Independent Counsel, it continues under the Department of Justice. We therefore deny the petitions at this time.

## Background

On July 6, 1995, Daniel S. Pearson was appointed as Independent Counsel ("IC") to investigate certain matters related to Secretary of Commerce[1] Ronald H. Brown's finances. The investigation was proceeding when, on April 3, 1996, the Secretary was killed in an airplane accident. IC Pearson subsequently determined that, in light of the Secretary's death, "the original reason for the appointment of an Independent Counsel ... no longer existed," FINAL REPORT OF THE INDEPENDENT COUNSEL IN RE: RONALD H. BROWN at 7 (submitted June 10, 1996) (hereinafter FINAL REPORT), and it would be "in the public's best interest to transfer the investigation" to the Department of Justice, *id.* at 1. The Department agreed to the transfer, which was completed by May 31, 1996. *Id.* On June 10, 1996, IC Pearson submitted his Final Report to this court. Thereafter, petitioners filed applications with this court, seeking reimbursement of attorneys' fees assertedly incurred in connection with the IC's investigation.

## Analysis

28 U.S.C. § 593(f)(1) provides:

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

Our first consideration is the "no indictment" requirement of the statute. In *In re*

*North (Gadd Fee Application),* 842 F.2d 340, 341 (D.C.Cir. Spec. Div.1988) (per curiam), we held that a determination concerning this requirement could not be made before the end of the IC's investigation. Gadd applied for reimbursement of attorneys' fees even though the IC's investigation had not been completed. He asserted that the "no indictment" requirement was fulfilled because he had not been indicted and had been given transactional immunity. We disagreed, noting that the investigation was continuing and indictments could still be brought against him (for perjury or for criminal conduct not covered by the immunity grant). *Id.* at 341–42.

The same holds true in the present case. Petitioners argue that the "no indictment" requirement is satisfied because the independent counsel did not bring any indictments against them. It is true that no indictments were brought against petitioners by the IC.[2] However, as in *Gadd,* the investigation remains active and ongoing, and indictments may yet be issued, albeit by the Department of Justice. *See* Department of Justice's Evaluation of Nolanda S. Hill's Application for Attorney's Fees at 3, In re: Ronald H. Brown (Mar. 3, 1997) (Div. No. 95–2).

We agree with the Department that "awarding fees and expenses incurred in connection with an investigation that ultimately leads to the indictment (and possible conviction) of the petitioning subject" would be an absurd result, inconsistent with the apparent intent of Congress. *Id.* at 5. Support for this position comes from the Senate Report that accompanied the initial enactment of the attorneys' fees provision; the Report states that the provision is intended for persons who incur the fees "during [an independent counsel's] investigation *which eventually absolves them of any wrongdoing.*"S.Rep. No. 97–496, at 19 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3555 (emphasis added). Absolution in the form of non-indictment must come, not from an unforeseen event precipitating transfer of the investigation to

---

1. The Secretary of Commerce is a "covered person" under 28 U.S.C. § 591(b)(2).

2. The IC noted that at the time of the accident "this office had not yet reached prosecutorial decisions regarding any of the matters under investigation." FINAL REPORT at 2.

290

the Department of Justice, but rather from determinations made concerning the petitioners' substantive conduct. Any such determinations will now have to await the completion of the investigation by the Department of Justice.

Additionally, beyond non-indictment, § 593(f)(1) requires the applicant to establish that 1) she was the subject of an investigation; 2) the attorneys' fees sought for reimbursement were incurred during that investigation; 3) the fees would not have been incurred but for the existence of the Act; and 4) the fees are reasonable. *In re Mullins (Tamposi Fee Application)*, 84 F.3d 1439, 1441 (D.C.Cir. Spec. Div.1996) (per curiam). In *In re Pierce (Olivas Fee Application)*, 102 F.3d 1264, 1265 (D.C.Cir. Spec. Div.1996) (per curiam), we noted that making determinations concerning these requirements would be difficult without a "full account" of the investigation from the IC's final report. Although IC Pearson filed his Final Report, it is far from being a "full account." Indeed, the Report specifically states that "any recounting of the evidence relating to Secretary Brown or anyone else at this juncture could compromise th[e] continuing investigation and potential future prosecutions." FINAL REPORT at 2. Consequently, we hold that these additional requirements cannot be properly considered until the Department of Justice has finished its investigation and all the evidence is in.

## IC Request for Relief

IC Pearson has requested that we issue an order relieving him of all further obligations related to his appointment. Under § 593(f)(2), the IC has an obligation to evaluate any attorneys' fees applications submitted to this court. Although he has filed his remarks regarding the petitioners' present fee applications, it is possible that one or more of the petitioners (and perhaps others) will submit, at the conclusion of the Department of Justice's investigation, applications containing new information upon which the IC will then have to comment. Therefore, we cannot presently issue the order he requests.

## Conclusion

For the reasons stated above, we conclude that petitioners' requests for attorneys' fees are premature; the applications are therefore denied without prejudice to renewal after the completion of the investigation by the Department of Justice. The Independent Counsel's request for relief from further obligations is also denied.