**In re Samuel R. PIERCE, Jr. (Broussard Fee Application).**

**Division No. 89–5.**

United States Court of Appeals, District of Columbia Circuit.

Filed March 14, 2000.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

## ORDER

PER CURIAM.

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Thomas R. Broussard for reimbursement of attorneys' fees and costs pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

ORDERED, ADJUDGED, and DE-CREED that the petition of Thomas R. Broussard for attorneys' fees he incurred during the investigation by Independent Counsels Arlin M. Adams and Larry D. Thompson be denied.

## ON APPLICATION FOR ATTORNEYS' FEES

Thomas R. Broussard petitions this court under Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $16,865.06 that he incurred during and as a result of the investigation conducted by Independent Counsels ("IC") Arlin M. Adams and Larry D. Thompson. Because we conclude that Broussard has not carried his burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

### Background[1]

In 1978 Congress established the moderate rehabilitation ("mod rehab") program within the U.S. Department of Housing and Urban Development ("HUD"). This program encouraged developers to upgrade moderately substandard housing units for occupation by low income families. In 1988 HUD's Inspector General ("IG") conducted an audit of the mod rehab program as administered from 1984 through 1988 and found that the program was not being administered efficiently, effectively, or economically. The Inspector General's audit report triggered congressional investigations into abuses, favoritism, and mismanagement at HUD during the 1980s under the tenure of HUD Secretary Samuel R. Pierce, Jr. The present fee petitioner, Thomas R. Broussard, was a "consultant" involved in 1985–1986 in the award of mod rehab units to a project in Puerto Rico.

Based on information elicited during the congressional investigations, the House Judiciary Committee wrote to Attorney General Richard Thornburgh seeking the appointment of an independent counsel to investigate the matter. Following a preliminary investigation, Attorney General Thornburgh applied to this court for appointment of an independent counsel. On March 1, 1990, we appointed former United States Circuit Judge Arlin Adams[2] as independent counsel "to investigate ... whether Samuel R. Pierce, Jr., and other [HUD] officials may have committed the crime of conspiracy to defraud the United States or any other Federal crimes ... relating to the administration of the selection process of the Department's Moderate Rehabilitation Program from 1984 through 1988." Order Appointing Independent Counsel, March 1, 1990.

The IC conducted a comprehensive investigation ultimately confirming a widespread pattern of corruption at HUD during Pierce's tenure. Although the IC announced on January 11, 1995, that he would not seek indictment of Pierce, during the course of the investigation seventeen (17) other persons were charged with and convicted of federal crimes as a result of the IC's investigation. That investigation and the indictments ranged well beyond the core facts of the original application for appointment of independent counsel. Of particular reference to the petitioner before us, the IC investigated payments of $75,000 each to Broussard and an associate for the delivery of mod rehab units to a developer in the Alameda Towers Project in San Juan, Puerto Rico. *See* 2 ARLIN M. ADAMS &

1. We have had recent occasion to review the facts of this matter in *In re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C.Cir., Spec. Div., 1999) (per curiam). Rather than replow recently tilled ground, we have adopted much of the language in the background portion of this opinion, and, where applicable, a portion of the analysis from that decision.

2. Independent Counsel Adams resigned in May of 1995. This court appointed his deputy, Larry D. Thompson of the Atlanta bar, to succeed him.

LARRY D. THOMPSON, FINAL REPORT OF THE INDEPENDENT COUNSEL IN RE: SAMUEL R. PIERCE, JR. 27–28 (1998) (hereinafter "FINAL REPORT").

The IC's investigation is now complete. Pursuant to the statute, the IC submitted a final report to this court on March 30, 1998. *See* 28 U.S.C. § 594(h)(1)(B). We ordered the report made public by order of October 27, 1998. Thereafter, Broussard, pursuant to Section 593(f)(1) of the Act, petitioned this court for reimbursement of his attorneys' fees. As directed by Section 593(f)(2) of the Act, we forwarded copies of Broussard's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## Analysis

Unique in the criminal law structure of the United States, the Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

■ Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger*, 925 F.2d 428, 438 (D.C.Cir., Spec. Div., 1991) (per curiam). Therefore, the Act provides only reimbursement for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C.Cir., Spec. Div., 1996) (per curiam). We conclude that Broussard has not met the "but for" requirement.

■ As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case*, 890 F.2d 451, 452 (D.C.Cir., Spec. Div., 1989) (per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials [and here derivative 'subjects'] who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452–53 (citing S.REP. No. 97–496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")).

As we have stated, "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C.Cir., Spec. Div., 1995) (per curiam) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C.Cir., Spec. Div., 1993) (per curiam)). In part this is so because the element requires a petitioner to prove a negative and one with a high component of speculation. In part, though, it is difficult because the law contemplates that it should be difficult, that such fees will not be a common thing. As we stated above, the contemplation of the legislation is not that subjects of independent counsel investigations will be reim-

bursed for all legal fees, but only that they will be reimbursed for those legal fees that would not have been incurred by a similarly situated subject investigated in the absence of the Act.

■ Nonetheless, we have found that petitioners qualify for an award of fees in the face of the "but for" test in at least four (4) circumstances:

1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice ("DOJ"). See In re Olson, 884 F.2d 1415, 1420 (D.C.Cir., Spec. Div., 1989) (per curiam); Dutton, 11 F.3d at 1080.

2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." In re Nofziger, 925 F.2d at 438 (citing In re Meese, 907 F.2d 1192 (D.C.Cir., Spec. Div., 1990) (per curiam)).

3. When in the absence of the requirements of the Act " 'the case could have been disposed of at an early stage of the investigation,' " without subjecting the petitioning subject to the conditions that led to his incurring the fees sought. In re Segal (Sagawa Fee Application), 151 F.3d 1085, 1089 (D.C.Cir., Spec. Div., 1998) (per curiam) (quoting In re Nofziger, 925 F.2d at 438).

4. Not wholly distinct from No. 3, supra, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private citizens would not [have been] investigated." In re Nofziger, 925 F.2d at 442; see also Dutton, 11 F.3d at 1080.

Broussard in effect claims that his situation falls under circumstance (4), for two reasons. First, he notes that the DOJ had conducted two separate prior investigations into the Alameda Towers project and that "[i]n neither of them was [he] named as a target or a subject of the investigation." Broussard Application at 7. Broussard reasons that since his status did not rise to the level of "subject" in the DOJ's

investigations, then "but for" the appointment of the IC he "could well have expected never.to be named as a 'subject' of any [other] investigation." Id. at 7–8. The issue, however, is not whether Broussard would have become a "subject" but for the appointment of the IC, but rather in the absence of such appointment, whether his conduct concerning the Alameda Towers project would nevertheless have been investigated. To restate circumstance (4), supra, the "but for" requirement is satisfied when individuals are "investigated under the Act in circumstances where private citizens would not [have been] investigated." (emphasis added). This is not that case. Deborah Gore Dean was the Executive Assistant to the named subject of the IC's investigation, HUD Secretary Samuel R. Pierce Jr. Dean played a central role in the award of mod rehab funds, and it was her conduct concerning mod rehab funding and other HUD programs which led to her indictment and conviction on numerous felony counts, including conspiracy, receiving an illegal gratuity, and perjury. The indictment charging Dean named Broussard as an unindicted co-conspirator: Dean had allocated to Broussard mod rehab units for the Alameda Towers project, which Broussard subsequently sold to a developer for payments of $75,000 each for himself and an associate. See FINAL REPORT at 13–35. We are convinced that this particular kind of conduct would have been investigated by an appropriate law enforcement agency notwithstanding the appointment of the IC.

■ Broussard further argues that he satisfies the "but for" requirement because from 1989 until 1992 the Alameda Towers project was the subject of the two DOJ investigations and investigations by two congressional committees, none of which led to any criminal charges against him. He claims that as "it took four investigations and almost three years before the OIC named [him] as a subject," this was an act that an "experienced prosecutor" would not have taken. Broussard Application at 8.

For authority, Broussard relies on our decision in *In re North (Cave Fee Application)*, 57 F.3d 1117 (D.C.Cir., Spec. Div., 1995) (per curiam), where we stated that it was "not reasonable to expect that a professional prosecutor, as opposed to an independent counsel under the Act, would have been making subjects out of persons theretofore treated as witnesses four and one-half years after the commencement of an investigation." *Id.* at 1121 (quoting *In re North (Shultz Fee Application)*, 8 F.3d 847, 851 (D.C.Cir., Spec. Div., 1993) (per curiam)). *Cave* thus stood for the proposition that only an independent counsel's office would have had the time and resources to change Cave's status, during its *own* investigation, from witness to subject after such a lengthy period of time. In contrast, the "four investigations and almost three years" referred to by Broussard were entirely separate from the IC's investigation. And for Broussard, no substantial period of time passed during the IC's investigation before he was given subject status; according to him, at the "initial contact" between his lawyer and the OIC the OIC informed Broussard that he was in fact a subject of the investigation. Broussard Application at 3. Finally, in *Cave* it was not just the length of time the independent counsel took to change Cave's status from witness to subject that led to our holding that he satisfied the "but for" requirement, but also that the IC treated as criminal conduct which had never before been considered as such, i.e., circumvention of the Boland Amendments. *Cave,* 57 F.3d at 1121; *see also Shultz,* 8 F.3d at 851. Here, the main allegations concerned the crime of conspiracy to defraud the United States. As both the DOJ and the IC point out, criminal conspiracy to defraud the U.S. is routinely investigated, and prosecuted, by the Department of Justice. Department of Justice's Evaluation of Broussard Fee Application at 8–9; Independent Counsel's Evaluation of Broussard Fee Application at 7.

In sum, we conclude that if the IC had not investigated Broussard's conduct then, as we stated in *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356 (D.C.Cir., Spec. Div., 1999) (per curiam), "the Attorney General or other investigative authority would have pursued allegations of corruption as deep and widespread as those occasioning the Independent Counsel's investigation." *Id.* at 1360; *see also Olivas,* 178 F.3d at 1355.

### Conclusion

The petition of Thomas R. Broussard for reimbursement of attorneys' fees is denied for failure to comply with the "but for" requirement of 28 U.S.C. § 593(f)(1).